11-2782-cv
Lidle v. Cirrus Design Corporation

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

R<small>ULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.</small>  C<small>ITATION TO A SUMMARY ORDER</small>
<small>FILED ON OR AFTER</small> J<small>ANUARY</small> 1, 2007 <small>IS PERMITTED AND IS GOVERNED BY</small> F<small>EDERAL</small> R<small>ULE OF</small>
A<small>PPELLATE</small> P<small>ROCEDURE</small> 32.1 <small>AND THIS COURT'S</small> L<small>OCAL</small> R<small>ULE</small> 32.1.1.  W<small>HEN CITING A SUMMARY</small>
<small>ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE</small> F<small>EDERAL</small> A<small>PPENDIX</small>
<small>OR AN ELECTRONIC DATABASE (WITH THE NOTATION</small> "<small>SUMMARY ORDER</small>").  A <small>PARTY CITING A</small>
<small>SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.</small>

At a stated term of the United States Court of Appeals for
the Second Circuit, held at the Daniel Patrick Moynihan United States
Courthouse, 500 Pearl Street, in the City of New York, on the 19th
day of December, two thousand twelve.

PRESENT:  DENNY CHIN,
          CHRISTOPHER F. DRONEY,
                    <u>Circuit Judges</u>,
          JOHN GLEESON,
                    <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - - -x

MELANIE LIDLE, INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE ON BEHALF OF THE
ESTATE OF CORY LIDLE, CHRISTOPHER LIDLE,
A MINOR, BY AND THROUGH HIS GUARDIAN AD
LITEM JORDAN FEAGAN, STEPHANIE STANGER,
INDIVIDUALLY AND AS ADMINISTRATOR ON                11-2782-cv
BEHALF OF THE ESTATE OF TYLER STANGER,
ASHLUND STANGER, A MINOR, BY AND THROUGH
HER GUARDIAN AD LITEM THAYNE STANGER,
JORDAN FEAGAN, THAYNE STANGER, GUARDIAN
AD LITEM,
                    <u>Plaintiffs-Appellants</u>,


                    -v.-


CIRRUS DESIGN CORPORATION,
                    <u>Defendant-Appellee</u>.

- - - - - - - - - - - - - - - - - - - - -x

---

*     The Honorable John Gleeson, of the United States District
Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFFS-APPELLANTS:    NICHOLAS FARNOLO (Hunter J. Shkolnik, on the brief), Napoli Bern Ripka Shkolnik LLP, New York, New York.

FOR DEFENDANT-APPELLEE:       JAMES C. MARTIN (Kim M. Watterson, Paige H. Forster, Patrick E. Bradley, Oliver Beiersdorf, on the brief), Reed Smith LLP, Pittsburgh, Pennsylvania and Princeton, New Jersey.

Appeal from the United States District Court for the Southern District of New York (Jones, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs appeal from a judgment entered by the district court on June 6, 2011, dismissing plaintiffs' complaint following a jury verdict in favor of defendant Cirrus Design Corporation ("Cirrus"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On October 11, 2006, Cory Lidle and his flight instructor, Tyler Stanger, were flying in a Cirrus Model SR20 G2 aircraft, heading north above the East River. As the aircraft approached the controlled airspace surrounding LaGuardia Airport, it appeared to attempt a 180-degree turn to reverse its course. The aircraft failed to complete the turn and crashed into an apartment building on Manhattan's Upper East Side. Both Lidle and Stanger were killed.

Plaintiffs sued Cirrus, asserting claims of wrongful death and survivorship, negligence, product liability, and breach of warranty. The case was tried to a jury, and the parties presented 23 fact and expert witnesses and extensive documentary evidence during the one-month trial. On May 23, 2011, the jury rendered its

verdict in favor of Cirrus.  The district court subsequently denied plaintiffs' motion for a new trial.

On appeal, plaintiffs challenge three evidentiary rulings of the district court.  We review a district court's evidentiary rulings for abuse of discretion, and afford district court judges wide latitude in determining whether evidence is admissible at trial.  See Cameron v. City of N.Y., 598 F.3d 50, 61 (2d Cir. 2010).  An error in admitting or excluding evidence is not grounds for granting a new trial unless the error affects a party's "substantial rights."  Fed. R. Civ. P. 61.  A substantial right is implicated if there is a "likelihood that the error affected the outcome of the case."  Tesser v. Bd. of Educ., 370 F.3d 314, 319 (2d Cir. 2004) (citation and internal quotation marks omitted).  Accordingly, even if the district court erroneously excluded evidence it should have admitted, we will not grant a new trial unless plaintiffs demonstrate "it is likely that in some material respect the factfinder's judgment was swayed by the error."  Id. (citation and internal quotation marks omitted).

1.    **Exclusion of the Doremire Incident**

Plaintiffs argue that the district court erred by excluding evidence of a March 2006 incident involving another Cirrus Model SR20 G2 aircraft (the "Doremire Incident") to prove negligence and notice of a defective condition.

Evidence of prior accidents may be admitted at trial only if the proponent "establish[es] their relevance by showing that they occurred under the same or substantially similar circumstances as the accident at issue."  Schmelzer v. Hilton Hotels Corp., No. 05

Civ. 10307, 2007 U.S. Dist. LEXIS 70727, at *5 (S.D.N.Y. Sept. 24, 2007). Whether a prior accident occurred under "substantially similar" conditions necessarily "depends upon the underlying theory of the case, and is defined by the particular defect at issue." Guild v. Gen. Motors Corp., 53 F. Supp. 2d 363, 367 (W.D.N.Y. 1999) (internal citation and quotation marks omitted).

The district court carefully reviewed the evidence presented, considered the parties' arguments, and concluded that the Doremire Incident did not occur under substantially similar circumstances because plaintiffs had not "provide[d] evidence that the Doremire incident involved [a rudder-aileron interconnect] lockup where the Adel clamp crossed over and locked on a bungee clamp." Tr. of Speakerphone Conference at 4:2-4, Lidle v. Cirrus Design Corp., No. 08 Civ. 1253 (BSJ) (HBP) (S.D.N.Y. Apr. 20, 2011), ECF No. 403; see also Lidle v. Cirrus Design Corp., 278 F.R.D. 325, 330 (S.D.N.Y. 2011) (concluding that "Plaintiffs failed to show that the Doremire Incident was caused by the same purported defect in the aircraft that was advanced in the Lidle/Stanger litigation -- merely alleging some problem with the flight control systems was and is not enough").[1] Further, the district court found that the minimal probative value of evidence relating to the Doremire Incident was outweighed by the danger of unfair prejudice to Cirrus, confusion, and delay. See Fed. R. Evid. 403. We see no abuse of discretion here. Accordingly, we affirm the district court's ruling.

---

[1] In contrast, the district court did admit evidence of another incident involving a Cirrus Model SR20 aircraft that occurred in April 2007, which the court found sufficiently similar -- though not identical -- to the Lidle/Stanger accident.

- 4 -

**2.    Exclusion of the Airworthiness Directive**

Federal Rule of Evidence 407 generally prohibits a plaintiff from introducing evidence of subsequent remedial measures "that would have made an earlier injury or harm less likely to occur" to prove the defendant's "negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction."  Fed. R. Evid. 407; see Estate of Hamilton v. City of N.Y., 627 F.3d 50, 53 (2d Cir. 2010).  Nevertheless, evidence of such measures may be introduced for other purposes, such as impeachment or -- if disputed -- to prove ownership, control, or the feasibility of precautionary measures.  Fed. R. Evid. 407.

Plaintiffs argue that the district court erred by excluding, pursuant to Rule 407, a March 2008 Federal Aviation Administration ("FAA") Airworthiness Directive mandating certain adjustments to the rudder-aileron interconnect on all Cirrus Model SR20 aircraft.  In particular, plaintiffs contend that Rule 407 does not apply to the Airworthiness Directive because it is a subsequent remedial measure taken by the government, not by Cirrus.  See Appellants' Br. at 35-36 (citing Lion Oil Trading & Transp., Inc. v. Statoil Mktg. & Trading (US) Inc., Nos. 08 Civ. 11315 (WHP), 09 Civ. 2081 (WHP), 2011 U.S. Dist. LEXIS 24516, at *21 (S.D.N.Y. Feb. 28, 2011) ("Rule 407 does not bar evidence of subsequent remedial measures by non-defendants.")).

The March 2008 Airworthiness Directive incorporated by reference a 2007 Service Bulletin issued by Cirrus, which the district court excluded as a subsequent remedial measure and which exclusion plaintiffs do not challenge on review.  The district court concluded

that allowing plaintiffs to introduce the Airworthiness Directive would function as a "back door" to introducing evidence of Cirrus's own subsequent remedial measure, which was squarely prohibited by Rule 407. Tr. of Conference at 7:11, Lidle v. Cirrus Design Corp., No. 08 Civ. 1253 (BSJ) (HBP) (S.D.N.Y. Apr. 25, 2011), ECF No. 511. Further, the district court explained that "in the circumstances of this case where the [Airworthiness Directive] was issued as a direct response to [Cirrus's Service] Bulletin, it is covered by Rule 407 . . . because to determine otherwise might discourage manufacturers from issuing service bulletins as part of voluntary compliance procedures." Order at 7, Lidle v. Cirrus Design Corp., No. 08 Civ. 1253 (BSJ) (HBP) (S.D.N.Y. Apr. 6, 2011), ECF No. 348; see Werner v. Upjohn Co., 628 F.2d 848, 859 (4th Cir. 1980) (concluding that admission of an FDA regulation "to prove antecedent negligence simply because [a government agency] required or might have required the change, . . . might . . . discourage[] [manufacturers] from taking early action on their own and from participating fully in voluntary compliance procedures"); In re Airport Disaster at Metro. Airport, Detroit, Mich. on Jan. 19, 1979, 782 F.2d 1041, 1985 U.S. App. LEXIS 13811, at *16-17 (6th Cir. Dec. 3, 1985) (unpublished opinion) (excluding an FAA Airworthiness Directive).

We need not decide whether the district court abused its discretion by excluding the Airworthiness Directive under Rule 407, because plaintiffs have failed to demonstrate that they were prejudiced by the exclusion. See Luciano v. Olsten Corp., 110 F.3d 210, 217 (2d Cir. 1997) (noting that to obtain a new trial, plaintiffs must show that the error in an evidentiary ruling was "so clearly

- 6 -

prejudicial to the outcome of the trial that [the court is] convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice") (citation and internal quotation marks omitted).  The Airworthiness Directive did not suggest that either the FAA or Cirrus deemed the Cirrus Model SR20's design to be unreasonably unsafe if the aircraft was rigged correctly. Thus, the only ground on which this evidence was relevant, and therefore admissible, was to show either that an incorrectly rigged rudder-aileron interconnect could lock up, something not disputed by the parties, or that there existed an alternative design for the rudder-aileron interconnect that could avoid the lockup alleged to be the cause of the Lidle aircraft's crash.  But plaintiffs' expert relied on the design changes called for in the Service Bulletin and the Airworthiness Directive when he testified at trial that a safer alternative design for the rudder-aileron interconnect existed. Thus, regardless of whether Rule 407 requires the exclusion of evidence of a government-mandated remedial measure issued in response to a manufacturer defendant's voluntary remedial measure, the exclusion of the Airworthiness Directive in this case cannot have affected the verdict because the design changes called for in the Airworthiness Directive were already before the jury.

The district court's opinion also indicates that the court excluded the Airworthiness Directive under Rule 403.  See Order at 5, Lidle v. Cirrus Design Corp., No. 08 Civ. 1253 (BSJ) (HBP) (S.D.N.Y. Apr. 6, 2011), ECF No. 348.  Given our conclusion that the evidence had little, if any, additional probative value but was substantially

- 7 -

outweighed by the danger of unfair prejudice, we see no abuse of discretion in this alternative ground for exclusion.

**3.   Limitation on Scope of Cross-Examination of Patrick Waddick**

Finally, plaintiffs argue that the district court erroneously limited the scope of their cross-examination of Patrick Waddick, Cirrus's chief operating officer.  In particular, plaintiffs contend that the district court should have allowed them to impeach Waddick with a June 1, 2007 letter to the FAA, Cirrus's 2007 Service Bulletin, and the FAA's March 2008 Airworthiness Directive.

Generally, "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility."  Fed. R. Evid. 611(b).  "A district court is accorded broad discretion in controlling the scope and extent of cross-examination, and the decision to restrict cross-examination will not be reversed absent an abuse of discretion."  United States v. Wilkerson, 361 F.3d 717, 734 (2d Cir. 2004) (internal citation and quotation marks omitted).

A review of the trial transcript demonstrates that the district court did not abuse its broad discretion in limiting the scope of Waddick's cross-examination.  Moreover, as plaintiffs had ample opportunity to cross-examine Waddick and to present their case in chief, they have failed to demonstrate any prejudice resulting from such a limitation.

We have considered plaintiffs' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK