13-4610-cv
*E. Mishan & Sons v. Homeland Housewares*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand fourteen.

PRESENT:  RALPH K. WINTER,
          DENNY CHIN,
                    *Circuit Judges*,
          J. PAUL OETKEN,
                    *District Judge*.[**]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

E. MISHAN & SONS, INC.,
                    *Plaintiff-Appellant*,

          v.                                          13-4610-cv

HOMELAND HOUSEWARES LLC,


                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

----

[*]

The Honorable J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT: IRWIN ROCHMAN (Gregory J. Ryan, *on the brief*), Tesser, Ryan & Rochman, LLP, New York, New York.

FOR DEFENDANT-APPELLEE: HAROLD P. WEINBERGER, Kramer Levin Naftalis & Frankel LLP, and Jeremy A. Cohen, Wolf Haldenstein Adler Freeman & Herz LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Conti, *J.*). [1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant E. Mishan & Sons, Inc. ("Emson"), appeals from a judgment filed November 6, 2013, dismissing its complaint against defendant-appellee Homeland Housewares LLC ("Homeland"), following a jury trial. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Emson brought this action against Homeland for, *inter alia*, breach of contract and violations of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Only one claim proceeded to trial: Emson's claim for breach of an oral contract. After a six-day trial, the jury found that Emson had not proven the claim. The district court entered judgment dismissing the complaint on November 6, 2013. Emson filed a notice of appeal from the judgment on December 5, 2013. The same day, Emson filed a motion

---

[1] The Honorable Samuel Conti, of the United States District Court for the Northern District of California, sitting by designation.

for judgment as a matter of law or for a new trial.  The district court denied the motion on January 8, 2014.[2]

Emson's sole ground on appeal is that the trial court prejudiced it by improperly pressuring counsel to speed up the trial.  Emson does not contend that the district court improperly excluded testimony or evidence.  Rather, it argues that a new trial is warranted because the district court rushed the parties and limited summations to 45 minutes per side.

We review a district court's trial management decisions for abuse of discretion.  *United States v. Yakobowicz*, 427 F.3d 144, 150 (2d Cir. 2005).  A district court has broad discretion in managing a trial and the length of summations.  *See Herring v. New York*, 422 U.S. 853, 862 (1975); *see also* Fed. R. Evid. 611; S.D.N.Y. Local Civil Rule 39.2.  In *Herring*, the Supreme Court held that "[t]he presiding judge must be and is given great latitude in controlling the duration and limiting the scope of closing summations.  He may limit counsel to a reasonable time . . . ."  422 U.S. at 862.  We are also mindful that "[t]here is no abuse of discretion if [a party] cannot show prejudice."

---

[2] Emson did not file a second or amended notice of appeal after the district court denied the post-trial motion, and thus we lack jurisdiction to the extent Emson seeks to appeal the denial of the post-trial motion.  *See* Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A) [including a motion for judgment under Rule 50 or for a new trial under Rule 59] . . . must file a notice of appeal, or an amended notice of appeal -- in compliance with Rule 3(c) -- within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.").

*United States v. Bautista*, 252 F.3d 141, 145 (2d Cir. 2001) (per curiam); *accord United States v. Quattrone*, 441 F.3d 153, 183 (2d Cir. 2006).

We identify no abuse of discretion in the district court's management of the trial here. Although the parties had estimated the trial would take five days, the district court ultimately gave the parties six days. The court imposed the 45-minute time limit for summations on both sides, and it gave the parties advance notice that it was doing so, and thus the parties had a weekend to prepare closing arguments. Moreover, plaintiff's counsel initially requested 60 minutes for closing and did not object when the district court reduced his request by a mere 15 minutes. In addition, as the trial lasted only six days and the verdict sheet asked only three simple questions of the jury, we see no abuse of discretion in the district court's assessment of the complexity of issues and evidence in this case. "[T]here is a long line of cases making clear the authority of district judges to impose reasonable time limitations on trials." *Lidle v. Cirrus Design Corp.*, 278 F.R.D. 325, 331 (S.D.N.Y. 2011) (alteration in original) (internal quotation marks omitted), *aff'd*, 505 F. App'x 72 (2d Cir. 2012); *see also Bautista*, 252 F.3d at 145 ("A district court has broad discretion in limiting the scope of summation."); *United States v. Salazar*, 485 F.2d 1272, 1279 (2d Cir. 1973) (district court in criminal trial was within its discretion in limiting appellant's summation to 45 minutes).

Nor are we persuaded that Emson was prejudiced by the trial court's management of the trial. While Emson argues that its counsel did not have sufficient

4

time to argue the question of the existence of an oral contract, the 45-minute time limit was imposed on both sides. Moreover, knowing full well that he would be limited to 45 minutes, Emson's counsel spent the bulk of his time on the threshold statute of frauds issue. Finally, Emson does not identify any evidence that it was prevented from adducing.

We have considered Emson's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk